**JS-6**

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAM SAMAIN, | Case No. EDCV 08-980-VAP (PLAx) |
| Plaintiff, | |
| v. | **[Motion filed on August 29, 2008]** |
| ADVENT PRODUCT DEVELOPMENT, and DOES 1-10, inclusive, | **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER** |
| Defendants. | |

The Court has received and considered all papers filed in support of, and in opposition to, Defendant's "Motion to Transfer or, in the Alternative, to Dismiss." The Motion is appropriate for resolution without oral argument pursuant to Local Rule 7-15. The hearing, currently set for October 6, 2008 at 10:00 a.m. is VACATED. For the reasons set forth below, the Court GRANTS the Motion.

///
///
///

# I. BACKGROUND

## A. Procedural History

Plaintiff filed his Complaint on April 30, 2008 in the California Superior Court, San Bernardino County, claiming fraud, violation of 35 U.S.C. § 297, breach of contract, and common counts. Defendant removed the case to this Court on July 22, 2008, based on federal question jurisdiction, 28 U.S.C. § 1332. Defendant filed an Answer on August 28, 2008.[1]

Defendant filed a "Motion to Transfer or, in the Alternative, to Dismiss Action" ("Mot.") on August 29, 2008. Plaintiff filed an Opposition ("Opp'n") on September 17, 2008.[2] Defendant filed a Reply ("Reply") on September 29, 2008.

///
///
///
///

---

[1] Plaintiff twice attempted to file a Request for Entry of Default but was unsuccessful.

[2] Plaintiff has raised several arguments about Defendant's purported untimely Answer. (See Opp'n.) Plaintiff argues that the Court should not consider Defendant's venue arguments because the Answer, which included an objection to venue, was not filed timely. Since Defendant filed his Answer and subsequent Motion regarding venue before any default was entered, and it should be noted that none has been entered, the Court does not consider these arguments. See, e.g., Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1317 (11th Cir. 2002).

**B. Factual Allegations**

On or about December 2006, Plaintiff communicated with Defendant about Defendant's representations in patenting, constructing, and marketing inventions. (<u>See</u> Compl. ¶¶ 9, 11.)  Plaintiff learned of Defendant's services through advertising by Defendant, viewed by Plaintiff in Rialto, California. (<u>See</u> Opp'n at 12.)

Plaintiff entered into a "Representation Agreement" with Defendant on January 3, 2007. (<u>See</u> Compl. ¶ 18; Mot. Ex. A.)  In pertinent part, the contract contained the following language, placed one paragraph above the signature line: "This agreement shall be governed by and interpreted according to the laws of the State of South Carolina, which Client hereby agrees shall be the appropriate venue for any action, and Client submits to the personal jurisdiction thereof."  (Mot. Ex. A.)  Pursuant to the contract, Plaintiff paid money to the Defendant in the amount of $13,000. (<u>See</u> <u>id.</u> at ¶¶ 18, 19, 28.)

Plaintiff alleges that Defendant willfully and fraudulently misrepresented material facts, Plaintiff relied on those representations and is now damaged because of them. (<u>See</u> <u>id.</u> at ¶¶ 27-29.)  Also, Plaintiff alleges that Defendant has breached the Representation Agreement

by failing to provide the agreed-upon services.  (See id. at ¶¶ 47.)

## II. LEGAL STANDARD

Federal courts evaluate forum selection clauses and determine whether an action has been brought in the proper venue under 28 U.S.C. § 1406.[3]  See, e.g., Robertson v. Norwegian Cruise Line, 897 F. Supp. 1285, 1286 (C.D. Cal. 1995).  Section 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Federal law governs the validity of a forum selection clause.  See TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc., 915 F.2d 1351, 1353 (9th Cir. 1990).  The Ninth Circuit has held that "the rule set forth in M/S Bremen v. Zapata Off-Shore Co. [407 U.S. 1 (1972)] controls the consideration of a motion to dismiss for improper venue based upon a forum selection clause." Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000).

///

---

[3] The Court notes that Defendant's Motion, less than four pages in length, argues no statutory basis upon which the Court should transfer the case and instead relies exclusively on case law.  (See Mot. at 3.)  Defendant's Alternative Motion to Dismiss, argued in one sentence, invokes 28 U.S.C. § 1406(a) as its foundation. (Id.)

"In Bremen, the Supreme Court held that a forum selection clause is presumptively valid and should not be set aside unless the party challenging the clause 'clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Jones, 211 F.3d at 497 (citing Bremen, 407 U.S. at 15.)  Under Bremen, "forum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is 'unreasonable under the circumstances.'"  Arguenta v. Banco Mexicano, 87 F.3d 320, 325 (9th Cir. 1996) (citing Bremen, 407 U.S. at 10.).

A forum selection clause is "unreasonable under the circumstances" where the clause was the result of "fraud or overreaching," "the contractual forum will be so gravely difficult and inconvenient that [the non-moving party] will for all practical purposes be deprived of his day in court," or "enforcement would contravene a strong public policy of the forum in which suit is brought." Bremen, 407 U.S. at 15-19.  "The party challenging the forum selection clause bears a 'heavy burden' of establishing the existence of one of the aforementioned grounds for rejecting its enforcement." Jones, 211 F.3d at 497 (citing Fireman's Fund Ins. Co. v. M.V. DSR Atlantic, 131 F.3d 1336, 1338 (9th Cir. 1998)).

**II. DISCUSSION**

**A.   Forum Selection Clause**

Although Defendant admits[4] that venue is proper in the Central District of California, Defendant moves the Court to transfer the action to the United States District Court, District of South Carolina, pursuant to a forum selection clause contained in the contract between Plaintiff and Defendant. (See Mot. at 3.) The forum selection clause stated: "This Agreement shall be governed by and interpreted according to the laws of the State of South Carolina, which Client hereby agrees shall be the appropriate venue for any action, and Client submits to the personal jurisdiction thereof."[5] (Mot. Ex. A.)

Plaintiff argues that enforcement of the forum selection clause would be unreasonable for several reasons. (Opp'n at 9-13.) The Court addresses each in turn.

---

[4] See Notice of Removal ¶ 9 ("Based upon Plaintiff having filed its [sic] Complaint in the Superior Court of California, County of San Bernardino, the United States District Court for the Central District of California in San Bernardino is the appropriate forum for this case.").

[5] As a procedural matter, it should be noted that "[d]espite removal, the [D]efendant may seek dismissal [or transfer] where a forum-selection clause renders venue improper in the forum state." Schwarzer, Tashima & Wagstaffe, Fed. Civ. Proc. Before Trial, ¶ 2:1049.2; see also Tokio Marine & Fire Ins. Co., Ltd., v. Nippon Express U.S.A. (Illinois), Inc., 118 F. Supp. 2d 997, 1000 (C.D. Cal. 2000).

1        First, Plaintiff argues "the clause was obtained by
2   fraud."  (Opp'n at 10.)  Plaintiff alleges that he was
3   induced fraudulently to enter into the contract with
4   Defendant, in violation of 35 U.S.C. § 297.  (Id. at 11;
5   Complaint ¶¶ 14-17, 39-42.)  "For a party to escape a
6   forum selection clause on the grounds of fraud, it must
7   show that the inclusion of that clause in the contract
8   was the product of fraud or coercion." Batchelder v.
9   Kawamoto, 147 F.3d 915, 919 (9th Cir. 1998) (quotations
10  omitted) (citation omitted).  An allegation that the
11  entire contract was fraudulently induced does not, per
12  se, render the forum selection clause unenforceable.  Id.
13  Plaintiff has not proffered particularized allegations
14  about the purported fraudulent inclusion of the forum
15  selection clause itself.  Thus, this weighs in favor of
16  transfer.
17
18       Second, Plaintiff argues that the clause was obtained
19  by "undue influence or overwhelming bargaining power."
20  (Opp'n at 11.)  He alleges "[t]he forum selection clause
21  was not the result of negotiation in which the parties
22  agreed on a mutually acceptable venue or a neutral
23  ground" but rather it was part of an "adhesion
24  agreement."  (Id. at 12).  A forum selection clause is
25  not necessarily unreasonable if it was presented on a
26  'take it or leave it' basis or in a form contract.  See
27  Fireman's Fund Ins. Co. v. M.V. DSR Atlantic, 131 F.3d
28

1336, 1338-39 (9th Cir. 1997); see also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-95 (1991).  The validity of a forum selection clause in an adhesion contract depends on whether the existence of the clause was communicated reasonably to the plaintiff.  See Carnival Cruise Lines, Inc., 499 U.S. at 595.  Here, the forum selection clause was the last clause included in the contract, placed directly above Plaintiff's signature line; under Carnival Cruise, this is conspicuous enough to demonstrate it was communicated reasonably to Plaintiff.  Id. at 593-95 (fine-print clause on cruise ticket stub requiring all disputes be litigated in Florida courts enforceable because, in part, plaintiff did not claim lack of notice of the provision).  Also, Plaintiff does not claim lack of notice of the forum selection clause in the Representation Agreement.  This also weighs in favor of transfer.

   Finally, Plaintiff argues that enforcement of the clause would deprive him of his day in court.  As an unemployed resident of California, Plaintiff argues "it would be financially impossible for [him] to litigate a matter in South Carolina."  (Opp'n at 13.)  Although it is a compelling reason to deny transfer, financial hardship, alone, is insufficient to deprive an individual of his day in court.  See Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1142 (9th Cir. 2004) (combination of

1  financial hardship <u>and</u> physical inability to travel could
2  effectively deprive litigant of his day in court).  In
3  addition, Plaintiff does not offer specific allegations
4  "as to travel costs, availability of counsel..., [or]
5  location of witnesses...."  <u>Spralin v. Lear Siegler Mgmt.</u>
6  <u>Serv. Co., Inc.</u>, 926 F.2d 865, 869 (9th Cir. 1991).  This
7  too weighs in favor of transfer.

9      Plaintiff has not carried his "heavy burden" of
10 establishing that the forum selection clause is not
11 enforceable.  <u>See</u> <u>Jones</u>, 211 F.3d at 497; <u>Fireman's Fund</u>
12 <u>Ins. Co.</u>, 131 F.3d at 1338.  For the foregoing reasons,
13 the Court finds the forum selection clause enforceable.

15 **B.   The Interest of Justice**
16      Upon finding that a forum selection clause is
17 enforceable, a district court "shall dismiss, or if it be
18 in the interest of justice, transfer such case to any
19 district or division in which it could have been
20 brought."  28 U.S.C. § 1406(a).

22      "Normally transfer will be in the interest of justice
23 because normally [sic] dismissal of an action that could
24 have been brought elsewhere is 'time-consuming and
25 justice-defeating.'"  <u>Miller v. Hambrick</u>, 905 F.2d 259,
26 262 (9th Cir. 1990) (addressing transfer under 28 U.S.C.
27 § 1631), (quoting <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463,

467 (1962) (addressing transfer under 28 U.S.C. § 1406)). Consistent with this presumption, transfer is in the interest of justice in this case. See <u>Flake v. Medline Indus., Inc.</u>, 882 F. Supp. 947, 952 (E.D. Cal. 1995) (transferring case because of improper venue based on a forum selection clause).

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Transfer is GRANTED and the matter is TRANSFERRED to the United States District Court for the District of South Carolina.

Dated:  September 30, 2008

VIRGINIA A. PHILLIPS
United States District Judge